UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Moses J. Shepherd,

    Debtor.
_____/

Chapter 7
Case No. 24-41366-LSG
Hon. Lisa S. Gretchko

Federal National Mortgage Association,
a corporation established pursuant to
12 U.S.C. §§ 1716 *et. seq.*,

    Plaintiff,
v.

Moses J. Shepherd,

    Defendant.
_____/

Adv. Pro. No. 24-4147-LSG

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ORDER COMPELLING DISCOVERY AND ASSESSING COSTS**

This matter came before the Court upon the Defendant's Motion for Order Compelling Discovery and Assessing Costs ("Motion"; ECF No. 54) and the Plaintiff's response ("Response"; ECF No. 65) in opposition to the Motion. On March 31, 2025, the Court entered an order ("March 31st Order"; ECF No. 75) requiring the Defendant to file a reply brief by April 7, 2025 regarding the Response and scheduling an April 11, 2025 in-person status conference on the Motion. The Defendant's original reply brief (ECF No. 79) was timely filed, but was stricken for

1

non-compliance with E.D. Mich. LBR 9014-1(f). On April 10, 2025, the Defendant filed another reply brief ("Reply Brief"; ECF No. 84).

On April 11, 2025, the Court held an in-person status conference ("Status Conference") regarding the Motion, the Response, and the Reply Brief. Counsel for the Plaintiff and counsel for the Defendant appeared at the Status Conference. Following an in-person "meet and confer" conducted during a break in the Status Conference, the parties advised the Court that they were unable to resolve their differences.

The Court has determined that a hearing on the Motion is unnecessary; *see* E.D. Mich. LBR 9014-1(e). For the following reasons, the Motion is denied.

### **Dispute Regarding Document Production Requests 8 and 9**

On October 28, 2024, the Defendant issued discovery (ECF No. 19) consisting of Interrogatories, Requests for Production, and Requests for Admissions. It is undisputed that Defendant's counsel has received approximately 29,000 bates stamped pages in response to the Defendant's Requests for Production ("RFP"). It is also undisputed that the Plaintiff has provided a chart ("Chart", attached to the Response, ECF No. 65) showing the RFP(s) to which each document is responsive.

At the Status Conference, the parties explained that the remaining dispute focuses on RFPs 8 and 9, which state:

> Request No. 8: Produce copies of any and all documents relevant to your responses to the Requests for Admission.

Request No. 9: Produce copies of any and all documents relevant to your responses to the Interrogatories.

The Defendant argues that, because RFPs 8 and 9 refer to the Defendant's interrogatories and requests for admissions, they require the Plaintiff to "drill down further" and also recite the particular interrogatory or request for admission to which a document is relevant.

The Plaintiff argues that: (i) the RFPs are governed by Fed.R.Bankr.P. 7034, and that there is no requirement therein for the Plaintiff to "drill down further" and also identify the interrogatories or requests for admissions to which the documents produced might be relevant, (ii) the Chart already identifies which of the documents produced are responsive to RFPs 8 and 9, (iii) in its discovery, the Plaintiff used language very similar to RFPs 8 and 9, and has not asked the Defendant to "drill down further" and indicate the particular interrogatory or request for admission to which a document is relevant, and (iv) RFPs 8 and 9 are not worded to require the "drill down" that the Defendant seeks in the Motion.

The Court finds for the Plaintiff on the "drill down further" issues. RFPs 8 and 9 could have included language asking the Plaintiff to identify the particular interrogatory or request for admission to which a document is relevant. That language is missing from the RFPs, and the Court could not

find anything in Fed.R.Bankr.P. 7034 that requires the Plaintiff to do so. Moreover, the Chart does indicate which documents are responsive to RFPs 8 and 9.

The Defendant claims that it would be burdensome for its counsel to review the almost 29,000 pages of bates-stamped documents to determine the particular interrogatories or requests for admissions to which they are relevant. However, it would also be burdensome for the Plaintiff (or its counsel) to have to perform that task. Although the Defendant argues that the nearly 29,000 bates stamped pages constitutes an impermissible "data dump", that argument is unpersuasive. The Chart clearly shows the RFPs to which each document is responsive.

As for the "further drill down" that the Defendant seeks, presumably Defendant's counsel will review the documents anyway, to make its own determination of which documents are relevant to particular interrogatories or requests for admission—rather than rely upon the opponent's characterization.

**Dispute Regarding Failure to Designate Amy Sogga as a Fed.R.Civ.P. 30(b)(6) Witness Prior to her Deposition**

The Defendant argues that the Plaintiff's failure to designate Amy Sogga as a Fed.R.Civ.P. 30(b)(6) witness prior to the date that Defendant's counsel took her deposition was improper. During the Status Conference, the Plaintiff explained Ms. Sogga's role (and the roles of others who serviced the

4

loans at issue), and that at the time of her deposition, Ms. Sogga was only a fact witness—and had not yet been provided with the information necessary for her to be designated as a Fed.R.Civ.P. 30(b)(6) witness.  Although the Defendant argues that this constitutes "gamesmanship", the Court is persuaded by the Plaintiff's explanation of how this situation occurred and, therefore, will not require the Plaintiff to pay the costs associated with defense counsel's taking a Fed.R.Civ.P. 30(b)(6) deposition of Ms. Sogga.

Accordingly,

IT IS HEREBY ORDERED that the Motion is denied.

**Signed on April 16, 2025**



/s/ Lisa S. Gretchko
_____
**Lisa S. Gretchko
United States Bankruptcy Judge**